CHICAGO—FIRST DISTRICT—MARCH, 1914.    375

Bradley v. Western Casket and Undertaking Co., 185 Ill. App. 375.

## Charles P. Bradley, Appellee, v. Western Casket and Undertaking Company, Appellant.

### Gen. No. 18,936. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon JUDSON F. GOING, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed March 10, 1914.

### Statement of the Case.

Action by Charles P. Bradley against Western Casket and Undertaking Company in the Municipal Court of Chicago upon an oral agreement. From a judgment for plaintiff, defendant appeals.

BASTRUP & O'NEILL, for appellant.

STEDMAN & SOELKE, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 29*—*when objection to want of proof untenable.* Where in an action on an oral agreement substituted for a prior written contract the statement of claim alleged the "cancellation" of the written contract and plaintiff's property was to be "appraised," an objection that there was no proof of either is untenable where the record clearly showed that the terms "cancellation" and "appraised" were understood as meaning "terminated" and "estimated," respectively, and the case was tried on that theory, and defendant admitted the termination of the written contract, taking issue upon the fact as to the agreed valuation of the property.

2. MUNICIPAL COURT OF CHICAGO, § 29*—*when sufficiency of statement of claim will not be reviewed.* Where the sufficiency of plaintiff's statement of claim was not questioned before the trial and was sufficient to inform defendant of the nature of the claim which it had to meet, and the record indicates that defendant understood it, the court on appeal will not consider whether there were

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

omissions from the statement of averments essential to the statement of a legal cause of action.

3. EVIDENCE, § 94*—*when evidence immaterial.* Where the statement of claim alleged that under the contract sued on plaintiff's property was to be appraised at a certain sum, "as a reasonable cash value thereof," proof that such sum was the reasonable cash value of the property is immaterial.

4. CONTRACTS, § 71*—*what constitutes sufficient consideration for a novation.* Where a written contract providing for the payment by defendant to plaintiff of a certain sum per month for livery service was, because defendant was losing money thereunder, terminated by the parties by a parol agreement, under the terms of which plaintiff's equipment was to be sold at public auction, defendant agreeing to pay the difference between the estimated value and the amount realized on the sale, together with the costs of the sale, plaintiff to be appointed one of its managers at a fixed salary, it was *held* that the new agreement was founded on a sufficient consideration.

5. TRIAL, § 68*—*when court may require showing of relevancy of items of books of account.* Under a general offer of books of account and a bundle of loose sheets therefrom it is not error for the court to require counsel to point out the specific items deemed relevant as a condition to their admission in evidence.

6. TRIAL, § 68*—*when materiality must be shown on offer of proof.* The court is not required to receive proof offered in such form that its materiality cannot be determined.

7. EVIDENCE, § 265*—*when memoranda by auctioneer's clerk admissible.* Pads made by an auctioneer's clerk containing original memoranda of an auction sale held pursuant to an agreement between plaintiff and defendant are admissible in behalf of plaintiff to show the amount of the sale where there is evidence that the clerk acted as agent of both parties.

8. APPEAL AND ERROR, § 1473*—*when admission of erroneous evidence harmless.* The admission of improper evidence as to an undisputed fact fully proved by competent evidence is harmless error.

9. CONTRACTS, § 377*—*when prior contract admissible in action upon substituted agreement.* In an action upon a parol contract between the parties terminating a prior written contract between plaintiff and defendant's predecessor in business, whose obligations it had assumed, such prior contract is relevant upon the question of the consideration for the subsequent agreement and is admissible against defendant, although the latter was not a party thereto.

10. TRIAL, § 270*—*when special findings properly refused.* Special findings which do not call for the finding of an ultimate or controlling fact are properly refused.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.